UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HAROLD KING, | Civil No. 12-2870 (JRT/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| WHOLE FOODS, INC., | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue a single Defendant identified as "Whole Foods, Inc." The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "7. Plaintiff King was hired by defendant Whole Foods, Inc. as dishwasher.
>
> 8. Plaintiff King, employee, was not given proper PPE (personal protection equipment) by defendant employer Whole Foods, Inc.
>
> 9. Plaintiff King was exposed to hazardous work environment as a result of defendant Whole Foods Inc. failure to comply with OSHA laws and regulations regarding PPE."

(Complaint, [Docket No. 1], p. 4, §§ 7-9.)

Plaintiff alleges that federal subject matter jurisdiction exists in this case, because his claims are based on "OSHA 1910.132(a),(b)" and "OSHA 1910.138." (Id., p. 3, §§ 3-4.) He apparently is referring to the Occupational Safety and Health Administration, ("OSHA"), regulations codified at 29 C.F.R. §1910.132 ("Personal Protective Equipment – General Requirements"), and 29 C.F.R. § 1910.138 ("Hand Protection").

Although the complaint contains no allegations suggesting that Plaintiff has suffered any work-related injury, he is seeking a judgment against Defendant for "$96,000 in compensation." (Id., p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff has failed to state an actionable claim for relief, because he has not alleged enough facts. Plaintiff apparently believes that Defendant should have provided him with some type of safety equipment to protect him while he was engaged in the duties of his employment with Defendant. However, Plaintiff's complaint does not describe any safety equipment that Defendant should have furnished, nor does it explain why any such equipment was needed. Furthermore, there are no allegations suggesting that Plaintiff suffered any actual harm as a result of Defendant's alleged failure to provide some particular safety equipment. A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard.

More significantly, Plaintiff's complaint is fatally defective because he is attempting to sue Defendant for allegedly violating OSHA regulations, which is not a legally cognizable claim for relief. It is well-settled that OSHA does not provide a private cause of action for employees. See Solis v. Summit Contractors, Inc., 558 F.3d 815, 829 (8th Cir. 2009) ("[t]he federal courts have held that this provision [29 U.S.C. § 653(b)(4)] does not create a private cause of action and prevents federal preemption of state tort law and worker's compensation schemes"); Westley v. Mann, __ F.Supp.2d __, (D.Minn. 2012), 2012 WL 4090515 at *27 ("there is no private cause of action under OSHA"); Thornton v. AT & T Mobility Servs., Inc., No. 10–3073, (C.D.Ill. 2010) 2010 WL 3834518 at *4 ("OSHA does not authorize a private cause of action. The statute authorizes a person to report violations to the Secretary of Labor. The Secretary of Labor is then charged with enforcing the statute."). Because Plaintiff cannot bring a private lawsuit against Defendant based on an

alleged OSHA violation, his complaint fails to state an actionable claim for relief.[1]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 26, 2012

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 10, 2012.

---

[1] If Plaintiff was injured during the course of his employment with Defendant, (although the Court finds no such allegation in Plaintiff's complaint), then he might have grounds for seeking workers' compensation under Minnesota state law. However, Plaintiff could not bring a state workers' compensation claim in federal court.